# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

L. GUERRERO, in his individual
capacity, and in his capacity as
representative of the classes
described fully below,
          *Plaintiff-Appellant,*

          v.

DARYL F. GATES; HONEY A. LEWIS;
WARD G. MCCONNELL; JOHN T.
NEVILLE; JAMES PEARSON; PHILIP
SUGAR; FLORA TROSTLER; G.
DANIEL WOODARD; DON W.
VINCENT, II, all as current or
former members of the Los
Angeles City Attorney's Office;
ROGER ADEZ, #25934; ARMANDO
AMEZCUA, #31399; SALVADOR
APODACA; HERIBERTO ARANGURE,
#31707; EVANURY AROCHO-
WITMAN, #27267; ROBERT ARROYO,
#25851; FRANK ARUJO, #27101;
JUDITH LYNN BARHAM, #22952;
ANTONIO S. BAUTISTA, #32919;
MAURICIO BAUTISTA; RON BERDIN,
#31958; JOHN BERTINO, #27839;
EDWARD BREHM, #30982; STEVEN
W. BROWN, #25366; MICHAEL
BUCHANAN, #32055; TODD BURNS,
#31549; UNKNOWN BURROLA;
KENNETH BUSCARINO, #20949;

No. 02-56017

D.C. No.
CV-00-07165-GAF

ORDER AND
OPINION

3247

PAUL BYRNES, Sgt., #24578;
OSBALDO CAMACHO, #33903;
CAMPBELL, #25216; RANDY
CANISTER, #26107; KEVIN CARNEY,
#10983; JAMES D. CARROLL,
#34456; MARTIN CHALUPA, #21890;
DANNY N. CHAU, #30087; MANUEL
CHAVEZ, #30544; THOMAS
CHINAPPI; JOSHUA N. CLOSSON,
#32252; DAVID COCHRANE, #26545;
ETHAN COHAN, #30614; JOHN M.
COLLARD, #27376; CHRISTOPHER
COPPOCK, #31801; ARMANDO
CORONADO, #14710; BOBBY B.
CREES, #32061; JOHN CURIEL,
#17992; ROBERT DONALDSON,
#20848; MICHAEL DONNELLY,
#31974; RAQUEL DUARTE, #30349;
NINO DURDEN, #31106; BRIAN
ELDRIDGE, #32071; DONALD J.
ELDRIDGE, #31353; JAMES A.
ERWIN, III, #33017; WILLIAM
FERGUSON, #33323; JOHN ROBERT
FLOWERS, #25547; BRAD FOSS;
HERMAN FRANZ FRETTLOHR,
#31420; DAVID M. FRIEDRICH,
#30946; JOHN FUTRELL, #17253;
FRANK GALINDO, #30764; JOE
GARCIA, #32362; RICHARD GINELLI;
TERESA GOLT, #26562; SHAWN
GOMEZ, #30855; JEFFREY L.
GRAHAM, #27201; GREENFIELD,
Detective; PAUL D. HARPER,

#30320; RICHARD HARPER, #14170;
HARPER, #14710; HARPER, #13228;
HARPER, #30770; HARPER, #16795;
HARPER, #24195; HARPER, #10868;
ROSS Y. HAY, #30771; MARGARITA
HERMOSILLO, #25178; SUSAN E.
HEROLD, #24732; HERRERA,
Detective; BRIAN K. HEWITT,
#27602; DANIEL HILLS, #17826;
GEORGE HOOPES, Sgt., #26967;
CONNIE HOWELL, #23994; CESAR
HUEZZO, #33787; ALFRED
HITCHINGS, #25970; ALEX
IZQUIERDO, #26873; ROBB JOHNSON,
#25362; RONALD KITZMILLER,
#31907; ARTURO KOENIG, #30289;
KLOTZ; ANDREW LASSAK, #30835;
BRIAN LIDDY, #27515; LIDDY,
#27315; DANIEL LUJAN, JR.,
#26973; FRANK LYGA, #25051;
DAVID MACK; CHARLES MARKEL,
#21866; JOHN PATRICK MARQUEZ,
#2667 #26670; MARIO MARQUEZ,
#32875; SAMUEL T. MARTIN,
#26058; LAWRENCE MARTINEZ,
#27319; THOMAS MARTINEZ,
#31746; PATRICK MCCARTY,
#30182; SHANDS MCCOY, #25578;
WILLIAM S. MCGEE, #21277;
SCOTT F. MCNEIL, #31438;
UNKNOWN MEJIA; RUBEN MENDOZA,
Ofcr. #31360;

RICHARD MERAZ, #12052; CAMERINO MESINA, #30907; JOHN MUMMA, #26492; JAMES MUNIZ, #30963; DAVID NAVARRO, Sgt., #23155; DAVID NEGRETE, #26682; HOWARD NG, #30405; THOMAS O'GRADY, #30328; STEVEN O'NEAL, #33740; ERNEST ORONA, #25243; EDWARD ORTIZ, Sgt., #23230; DENNIS O'SULLIVAN, #27237; OWENS, Officer, #27878 (no such number); KULIN PATEL, #27150; ARTHUR PELT, #15790; ARMANDO PEREZ, #25581; RAFAEL A. PEREZ, #26905; JOHN PETERS, Sgt., #25750; ROBERT PIONOWSKI, #15722; JILL POE, #27438; DIANE PONCE, #26413; ROBERT PULLEY, #17805; UNKNOWN QUIRK, #33352; MANUEL REDRUELLO, #25667; PETER REPOVICH, #23078; DONNA REYES, #34432; MARK RICHARDSON, #26995; MICHAEL RICHARDSON, Sgt., #26159; ARTURO RICO, #27811; MARIO RIOS, #32123; JEFFREY ROBB, #33804; TERRANCE ROCHON, #26696; ARTHUR RODRIGUEZ, #26255; ROSSELLO; EDWARD RUIZ, #27158;

JASMINE SAADE, #22635; NICK
SALICOS, Captain; JOHNNY SANCHEZ,
#26513; RUPERTO SANCHEZ,
#13953; DUSTIN SCLATER, #31933;
MATTHEW SIBAYAN, #30196; ADDIS
SIMPSON, 330011; CHRISTOPHER
SOLDO, #26003; DAVID SOLIS,
#32315; DOYLE STEPP, #31143;
JEFFREY STEWART, #25593;
STEPHANIE SUTHERLAND, #30571;
JON TAYLOR, #30974; ANDREW
TEAGUE, #21972; UNKNOWN TOMEO,
#33087; HUMBERTO TOVAR,
#30492; MELISSA TOWN, #30305;
MICHAEL TYUS, #23886; ROBERT
VALDEZ, #27352; ROGER
VANOVERSTRACTEN, #30860; OMAR
VELOZ, #30740; DAVID VINTON,
#31085; VOELTZ, #33292; MICHAEL
WANG, #30805; TERRY WESSEL,
#14680; MARK ANDREW WILBUR,
#30636; MELISSA ZAK, #30305;
ZAMORA, #27267; MIKE ZYCH,
#23892 all as current or former
members of the LAPD; CHRISTIAN
ABDELKERIM, #33542; WILLIE L.
WILLIAMS; BERNARD C. PARKS;
RICHARD ALARCON; RICHARD
ALATORRE; HAL BERNSON; MARVIN
BRAUDE; LAURA CHICK; JOHN
FERRARO; MICHAEL FEUER;

RUTH GALANTER; MIKE HERNANDEZ; NATE HOLDEN; MARK RIDLEY-THOMAS; JOEL WACHS; ERNANI BERNARDI; JOAN FLORES; GLORIA MOLINA; JOY PICUS; ARTHUR SNYDER; MICHAEL WOO; ZEV YAROLSLAVSKY, all as present or former Los Angeles City Council members; HERBERT F. BOECKMANN, II; GERALD CHALEFF; ROCHELLE DE LA ROCHA; RAYMOND C. FISHER; JAMES G. FISK; STEPHEN GAVIN; MAXWELL E. GREENBERG; DEAN HANSELL; DEIRDRE HUGHES HILL; WARREN JACKSON; MELANIE LOMAX; ART MATTOX; EDITH PEREZ; ENRIQUE HERNANDEZ; BARBARA SCHLEI; ROBERT TALCOTT; REVA TOOLEY; ROBERT I. WEIL; STANLEY SCHEINBAUM; MICHAEL YAMAKI; STEPHEN YSLAS; MARY BURWELL COOPER; ELLEN M. FAWLS; JEFFREY GALLAGHER; JAMES KENNETH HAHN; KATHERINE J. HAMILTON; RICHARD HELGESON; THOMAS HOKINSON; STUART D. HOTCHKISS; HELEN ANNETTE KELLER,
            *Defendants-Appellees.*

RICHARD RIORDAN,
                        *Appellee.*

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued October 8, 2003
Submitted March 27, 2006
Pasadena, California

Filed March 27, 2006

Before: Melvin Brunetti, Thomas G. Nelson, and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Thomas G. Nelson

**COUNSEL**

Stephen Yagman, Yagman & Yagman & Reichmann & Bloomfield, Venice, California, for the appellant.

Janet G. Bogigian, Deputy City Attorney, Los Angeles, California, for the appellee.

**ORDER**

This case is hereby resubmitted effective the date of this order.

The opinion filed on January 29, 2004, is withdrawn and replaced by the attached opinion.

With this withdrawal and replacement, the petition for panel rehearing and the petition for rehearing en banc are DENIED.

**OPINION**

T.G. NELSON, Circuit Judge:

Louie Guerrero pleaded guilty to two separate charges of possession of narcotics. Years later, he brought claims under 42 U.S.C. § 1983 stemming from allegations of wrongful arrest, malicious prosecution, and a general conspiracy of

"bad behavior" among Los Angeles officials in connection with his arrests, prosecutions, and incarceration. *Heck v. Humphrey*[1] bars all but one of his § 1983 claims. The statute of limitations bars half of the one remaining § 1983 claim. Thus, the other half of that one § 1983 claim remains. Additionally, Guerrero brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[2] The district court granted Defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Guerrero appeals. We affirm in part and reverse in part the district court's dismissal as to his § 1983 claims, reverse as to his RICO claims, and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Guerrero's claims arise from two separate encounters with members of the Los Angeles Police Department ("LAPD"). On November 29, 1995, Officer Zamora and another unidentified officer of the LAPD stopped and searched Guerrero. Guerrero alleges that the officers planted narcotics on him during the course of the search. Charged with possession of the narcotics, Guerrero pleaded guilty, and the court placed him on probation.

Two years later, on November 14, 1997, Officer Martinez and two unidentified LAPD officers stopped and searched Guerrero a second time. According to Guerrero, the officers "grabbed him, punched him, choked him, and kicked him" and again "caused false narcotics charges to be made against" him. Guerrero pleaded guilty to these second narcotics charges. He was incarcerated from the date of his arrest in 1997 until August 1999.

Nearly three years after his second encounter, on June 30, 2000, Guerrero filed this lawsuit. Alleging violations of 42 U.S.C. § 1983 and RICO, his complaint named approximately

[1]512 U.S. 477 (1994).
[2]18 U.S.C. §§ 1961-68.

231 defendants, including former LAPD police chiefs, numerous police officers, several city attorneys, the mayor of Los Angeles, and a former district attorney. Although Guerrero's claims are somewhat amorphous, they can be characterized as claims of excessive force, wrongful arrest, and malicious prosecution. He also avers that a conspiracy of "bad behavior" existed among the defendants. Prior to June 2000, Guerrero had never contested his arrests, convictions, or sentences.

The district court initially denied a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) brought by one of the 231 defendants, Bernard Parks. Shortly thereafter, the case was transferred to a new judge along with other similarly situated cases that arose out of the LAPD Rampart scandal.[3] Defendants, including Parks, filed further Rule 12(b)(6) motions to dismiss. The court granted these motions, properly treating Parks' second Rule 12(b)(6) motion as a request for reconsideration.[4] Guerrero timely appealed.

---

[3]This scandal involved:

> a wide variety of misconduct by LAPD officers including the shooting of unarmed suspects, the planting of evidence to justify those shootings, the preparation of false police reports to cover up the misconduct and the presentation of perjured testimony resulting in the false convictions and imprisonment of a number of innocent citizens.

*Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1014 (C.D. Cal. 2000).

[4]We note that the district court did not abuse its discretion in departing from the law of the case although it had earlier denied Parks' motion to dismiss. *Rebel Oil Co. v. Atlantic Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) (applying abuse of discretion standard to the court's decision whether to apply the law of the case doctrine). The court has the discretion not to apply the law of the case doctrine under certain circumstances, including situations in which "a manifest injustice would otherwise result." *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). Allowing dismissal for the remaining 230 defendants but not for Parks, or treating Guerrero's case differently from similarly situated Rampart cases, would have resulted in manifest injustice.

## II. STANDARD OF REVIEW

We review *de novo* a dismissal under Federal Rule of Civil Procedure 12(b)(6).[5] Dismissal is appropriate only when the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.[6] We must take as true all allegations of material fact and construe them in the light most favorable to the nonmoving party.[7] We generally limit our review to the contents of the complaint, but if support exists in the record, we may affirm a dismissal on any proper ground.[8]

## III. DISCUSSION

### A. Heck v. Humphrey *Bars the Majority of Guerrero's § 1983 Claims*

[1] Under *Heck v. Humphrey*,[9] a state prisoner cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[10] *Heck* bars almost all of Guerrero's § 1983 claims because: a judgment in favor of Guerrero on those claims "would necessarily imply the invalidity of his conviction;" he cannot show that his conviction has already been invalidated; and no exception to *Heck*'s bar applies.[11] However, *Heck* does not bar Guerrero's § 1983 excessive force claim, discussed below, because this claim does not "necessarily imply the invalidity

---

[5]*See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 (9th Cir. 2002).

[6]*See No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 931 (9th Cir. 2003).

[7]*See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

[8]*See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Papa v. United States*, 281 F.3d 1004, 1011 (9th Cir. 2002).

[9]512 U.S. 477 (1994).

[10]*Id*. at 487.

[11]*Id.*

of his conviction or sentence.'"[12] The officers' alleged use of excessive force during Guerrero's arrest does not preclude the possibility that Guerrero was still guilty of possession of narcotics.

[2] Guerrero's success on the majority of his § 1983 claims would necessarily imply the invalidity of his two convictions for possession of narcotics. Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless he were innocent of the crimes for which he was convicted.

[3] With regard to the invalidation of the conviction or sentence, the *Heck* Court required that:

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[13]

The Court also emphasized that "termination of the prior criminal proceeding in favor of the accused" is a necessary element for a successful § 1983 malicious prosecution claim.[14]

---

[12]*Id. Compare Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding that *Heck* did not bar Smithart's excessive force claim because even though Smithart had been convicted of assaulting his arresting officers by driving a truck toward them, the officers' alleged excessive force took place after he had exited his truck, and thus did not necessarily invalidate his conviction), *with Cunningham v. Gates*, 312 F.3d 1148, 1152, 1154-55 (9th Cir. 2002) (holding that *Heck* barred Cunningham's excessive force claim because the jury, in convicting Cunningham of felony murder, necessarily found that he had "intentionally provoked the deadly police response," and therefore a finding of excessive force on the part of the police would have invalidated the jury finding and his conviction).

[13]*Heck*, 512 U.S. at 486-87 (internal citation omitted).

[14]*Id.* at 484.

Guerrero's prior convictions have never been invalidated. We therefore hold that, with the exception of his excessive force claim, *Heck* bars Guerrero's § 1983 claims.

**[4]** The fact that Guerrero is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift *Heck*'s bar. Although exceptions to *Heck*'s bar for plaintiffs no longer in custody may exist, as suggested by concurring members of the Supreme Court in *Spencer v. Kemna*[15] and adopted by this court in *Nonnette v. Small*,[16] any such exceptions would not apply here.

The *Spencer* concurrence suggests that a plaintiff's inability to pursue habeas relief after release from incarceration should create an exception to *Heck*'s bar.[17] The plaintiff in *Spencer* had diligently sought relief for his claim of invalid revocation of parole.[18] After appealing the denial of his state habeas petition all the way to the state supreme court, he filed a federal habeas petition. His prison term ended, however, before the court could render a decision.[19] Justice Souter, writing for the concurring justices, stated, "*Heck* did not hold that a released prisoner *in Spencer's circumstances* is out of court on a § 1983 claim."[20] If that were the case, he explained, "[t]he convict given a fine alone . . . or sentenced to a term too short to permit even expeditious litigation without continuances before expiration of the sentence, would always be ineligible for § 1983 relief."[21] Thus, Justice Souter's concur-

---

[15]523 U.S. 1, 19, 21 (1998).

[16]316 F.3d 872, 876-77 (9th Cir. 2002).

[17]*Spencer*, 523 U.S. at 18-21 (Souter, J., concurring); *see id.* at 25 n.8 (Stevens, J., dissenting) (stating that "[g]iven the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice S[outer] explains, that he may bring an action under 42 U.S.C. § 1983").

[18]*See id.* at 5-6.

[19]*Id.* at 6.

[20]*Id.* at 19 (emphasis added).

[21]*Id.* at 21 n.*.

rence suggested that a prisoner who was no longer in custody and therefore unable to obtain habeas relief could pursue § 1983 claims.

[5] In following the reasoning of the concurrence in *Spencer*, we have emphasized the importance of timely pursuit of available remedies in two cases. In *Cunningham v. Gates*,[22] we held that *Heck* barred the plaintiff's § 1983 claims despite the fact that habeas relief was unavailable.[23] Habeas relief was "impossible as a matter of law" in Cunningham's case because he failed timely to pursue it.[24] We "decline[d] to hold that Cunningham's failure timely to pursue habeas remedies [took] his § 1983 claim out of *Heck's* purview."[25]

Although we held in *Nonnette* that the plaintiff could bring § 1983 claims despite the *Heck* bar because habeas relief was unavailable, we did so because Nonnette, unlike Cunningham, timely pursued appropriate relief from prior convictions.[26] *Nonnette* was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claims when the individual immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence.[27] In reversing the district court's dismissal of Nonnette's § 1983 claims, we stated:

---

[22] 312 F.3d 1148.

[23] *Id.* at 1153 n.3.

[24] *Id.* (internal quotation marks and citation omitted).

[25] *Id.*

[26] *Nonnette*, 316 F.3d at 877 n.6.

[27] *See id.* at 874-77. Following exhaustion of his administrative remedies, Nonnette brought § 1983 claims while incarcerated, alleging miscalculation of his prison sentence and improper revocation of good-time credits and imposition of disciplinary proceedings. *Id.* at 874. The district court dismissed his § 1983 claims as barred by *Heck*. Shortly after the court's dismissal, Nonnette was released on parole and therefore could not overturn his disciplinary conviction by means of habeas corpus. *Id.* at 875.

The fact that Nonnette has been released from the incarceration that his civil suit, if successful, would impugn, and that a habeas petition would be moot for that reason, differentiates this case from our recent decision in *Cunningham v. Gates*. In *Cunningham*, the plaintiff brought a civil suit that would have impugned the conviction for which he was still incarcerated; habeas corpus was unavailable only because he had let the time for such a petition expire. Under those circumstances, we declined to take the case out of the rule of *Heck*.[28]

Thus, a § 1983 plaintiff's timely pursuit of available habeas relief is important. Even so, we emphasized that *Nonnette*'s relief from *Heck* "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters," not challenges to an underlying conviction such as those Guerrero brought.[29]

[6] We find Guerrero's situation to resemble *Cunningham* more closely than *Nonnette*. Guerrero never challenged his convictions by any means prior to filing this lawsuit. Nearly three years passed from his last encounter with the LAPD before he took any action at all. His failure timely to achieve habeas relief is self-imposed. Thus, as in *Cunningham*, though habeas relief for Guerrero may be "impossible as a matter of law," we decline to extend the relaxation of *Heck*'s requirements.[30] Guerrero cannot now use his "failure timely to pursue habeas remedies" as a shield against the implications of *Heck*.[31] Accordingly, we hold that *Heck* bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy.

---

[28] *Id.* at 877 n.6 (internal citations omitted).

[29] *Id*. at 878 n.7.

[30] *See Cunningham*, 312 F.3d at 1154 n.3.

[31] *Id.*

## B. *The Statute of Limitations Bars Part of Guerrero's Excessive Force Claim*

Guerrero's remaining § 1983 claim, for excessive force, rests on allegations surrounding his 1995 and 1997 arrests. The applicable one-year statute of limitations bars the part of his claim resting on the 1995 arrest.[32] However, due to statutory tolling, the limitations period does not bar the remainder of his claim, based on the 1997 arrest.

[7] Guerrero was in prison from the date of his arrest in 1997 until August 1999. The limitations period for claims based on the 1997 incident thus began running upon his release,[33] and ended in August of 2000. Because he filed this lawsuit in June of 2000, then, the part of his claim resting on the 1997 incident is timely. Accordingly, we reverse the district court's dismissal of the part of Guerrero's § 1983 claim resting on the 1997 incident.

[8] The part of Guerrero's claim that rests on the 1995 incident is not timely. Thus, we affirm the district court's dismissal of that portion. Guerrero does not assert that he was imprisoned at any time during the year after that incident. Accordingly, § 352.1 does not apply. Moreover, neither equitable tolling nor equitable estoppel apply. California allows equitable tolling of the statute of limitations when a plaintiff, "possessing several legal remedies . . . , reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage," thereby allowing the statutory period to run.[34] A plaintiff whose ignorance of the statutory period is

---

[32]*See* CAL. CIV. PROC. CODE § 340(3) (2000). The applicable statute of limitations for civil claims under § 1983 is that of the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985), *superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-78 (2004).

[33]*See* CAL. CIV. PROC. CODE § 352.1.

[34]*Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir. 2001) (internal quotation marks and citation omitted). In civil rights suits, this court applies state tolling rules as long as they "are not inconsistent with federal law." *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (internal quotation marks and citation omitted).

excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants by doing so.[35]

[9] In this case, Guerrero did not pursue his claims in any manner until he filed this lawsuit in June 2000. Neither did he provide advance notice of his claims to the 231 defendants prior to filing this suit. Thus, Defendants had no timely warning of Guerrero's allegations, and allowing this part of his lawsuit to proceed would prejudice the defendants.[36] Further, Guerrero does not claim to have been ignorant of the applicable statute of limitations period.[37] Accordingly, California's equitable tolling principles do not apply.

[10] Similarly, equitable estoppel does not apply. Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."[38] The plaintiff must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner and "must plead with particularity the facts which give rise to the claim of fraudulent concealment."[39]

---

[35]*See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000); *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003) (collecting cases in which the court "has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice").

[36]*See Gordon v. Law Offices of Aguirre & Meyer*, 83 Cal. Rptr. 2d 119, 123 (Cal. Ct. App. 1999) (holding that defendants were not prejudiced when "defendants were [timely] notified of the action and had the opportunity to begin gathering their evidence and preparing their defense").

[37]*See Santa Maria*, 202 F.3d at 1176 (stating that "equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period").

[38]*Id.* at 1176-77.

[39]*Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 120 (9th Cir. 1980); *see Santa Maria*, 202 F.3d at 1176.

**[11]** The facts of this case do not justify equitable estoppel. Even assuming that Guerrero's allegations of a conspiracy are true, the defendants did not engage in any fraudulent conduct "*above and beyond* the wrongdoing upon which the plaintiff's claim is filed."[40] Guerrero has failed to plead with particularity any additional fraudulent behavior on the part of the defendants that would excuse his delay in bringing this suit. Equitable estoppel therefore does not save that portion of Guerrero's excessive force claim based on the 1995 arrest from the statute of limitations. Accordingly, because Guerrero failed to file this lawsuit within the statute of limitations and has not offered a valid excuse for this failure, the statute of limitations bars half of his § 1983 excessive force claim.

## C.   *Guerrero Has Standing to Bring RICO Claims*

**[12]** Guerrero asserts claims under RICO, alleging injury due to lost employment prospects during his alleged wrongful incarceration. RICO forbids enterprises from engaging in "racketeering activity," including "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance."[41] An individual may bring a civil claim under RICO if he has been "injured in his business or property by reason of a violation" of the statute.[42] To recover under RICO, the individual "must show proof of concrete financial loss"[43] and must demonstrate that the racketeering activity proximately caused the loss.[44]

**[13]** Recently, in *Diaz v. Gates*,[45] we held that a plaintiff

---

[40]*Santa Maria*, 202 F.3d at 1177 (emphasis added).

[41]18 U.S.C. §§ 1961(1), 1962.

[42]18 U.S.C. § 1964(c).

[43]*Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087 (9th Cir. 2002).

[44]*Id.*

[45]*Diaz v. Gates*, 420 F.3d 897 (9th Cir.), *cert. denied*, 126 S.Ct. 1069 (2005), *reh'g denied*, 2006 WL 452577 (Feb. 27, 2006).

who claimed that he was "rendered unable to pursue gainful employment while defending himself against unjust charges and while unjustly incarcerated,"[46] adequately alleged an injury to business or property under RICO.[47] Guerrero's complaint mirrors that of the complaint in *Diaz*. Guerrero alleged that he was "unable to pursue gainful employment while defending [himself] against unjust charges and/or while unjustly incarcerated" and that he "suffered a material diminishment of [his] employment prospects by virtue of the unjust and unconstitutional conviction[ ]." Under *Diaz*, Guerrero's alleged harm amounts to intentional interference with contract and interference with prospective business relations, which are torts under California law that constitute injury to business or property under RICO.[48] Therefore, Guerrero adequately pleaded the injury to business or property required to establish standing under RICO. Thus, we reverse and remand the district court's dismissal of Guerrero's RICO claims for lack of standing.

## IV.  CONCLUSION

We affirm the district court's grant of the defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) as to all but one half of one of Guerrero's § 1983 claims. We reverse as to that part of Guerrero's claim for excessive force resting on the 1997 incident. We also reverse the district court's dismissal of Guerrero's RICO claims for lack of standing. We remand for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

No costs allowed.

---

[46]*Id.* at 898 (internal quotation marks and citation omitted).

[47]*Id.* at 900.

[48]*See id.*