MEMORANDUM **
Kimya F.E. Simon, a former Washington state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action challenging his loss of good-time credits on the ground that it was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, and we affirm.
The district court properly dismissed the action because a judgment in Simon’s favor would necessarily imply the invalidity of the Indeterminate Sentencing Review Board’s (“ISRB”) decision to deny Simon good-time credits. Simon, who is out of custody, cannot seek to overturn the ISRB’s decision in a habeas proceeding and he has failed to show that any exceptions to the Heck-bar apply. See Heck, 512 U.S. at 486-87, 114 S.Ct. 2364; Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir.2006) (“The fact that [plaintiffl is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift Heck’s bar.”); see also Franklin v. State of Oregon, State Welfare Div., 662 F.2d 1337, 1343 (9th Cir.1981) (sua sponte dismissal prior to issuance of a summons is proper where claims are “wholly insubstantial”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.