**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GREGORY K. ADAMSON, | No. 08-55712 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-04384-ODW-AGR |
| v. | |
| LOS ANGELES COUNTY; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted December 15, 2009[**]

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Gregory K. Adamson, a former inmate in the Los Angeles County Jail,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny Adamson's motion for oral argument.

JS/Research

action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Claims 1-4 and 9-10 of the Second Amended Complaint because a judgment in Adamson's favor would necessarily imply the invalidity of his conviction, and he did not allege that his conviction has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006) (concluding that claims implying the invalidity of plaintiff's convictions were barred by *Heck* even though plaintiff was no longer in custody).  However, we vacate the judgment to the extent it dismissed these claims with prejudice, and remand for dismissal without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (stating that dismissals under *Heck* are without prejudice).

The district court properly dismissed Adamson's claims concerning the chest x-ray in Claims 5 and 7.  *See Helling v. McKinney*, 509 U.S. 25, 36 (1993) (explaining that, to meet the objective prong of the deliberate indifference test, an inmate must show that the risk he complains of is "so grave that it violates contemporary standards of decency").

We do not consider issues not argued on appeal. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (deeming abandoned issues not argued on appeal).

Adamson's remaining contentions are unpersuasive.

Adamson shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**