**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LEE SIMMONS, | No. 09-35606 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00343-PK |
| v. | |
| PETER DEUEL; STEVEN LERICHE; JOHN R. KROGER; DARIN TWEEDT; STEPHANIE TUTTLE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 14, 2010
Portland, Oregon

Before: PREGERSON, WARDLAW and RAWLINSON, Circuit Judges.

Appellant David Lee Simmons challenges the district court's dismissal of

his Complaint against Appellees Peter Deuel, Steven Leriche, John Kroger, Darin

Tweedt and Stephanie Tuttle.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court did not err in dismissing Simmons's claims asserted against Leriche for continuing to prosecute him on charges that had not been returned by a grand jury. We have held that "[a] prosecutor is entitled to absolute immunity for quasi-judicial actions taken *within the scope of his authority.*" *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987), *as amended* (citations omitted) (emphasis added). "Authority does not rest on technicalities of local law; the issue is whether the prosecutor is arguably empowered to perform the act." *Id.* (citation and parentheses omitted). Because Leriche was acting within the scope of his authority, he was entitled to absolute immunity.

**2.** The district court also properly dismissed Simmons's claims pertaining to the second prosecution. We have previously noted that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes a plaintiff from obtaining relief "in a [42 U.S.C.] § 1983 suit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (footnote reference and alteration omitted). Simmons pled guilty to, and was ultimately convicted of, a misdemeanor as a result of the second prosecution. Because

Simmons has failed to demonstrate that his misdemeanor conviction has been invalidated, he is precluded from obtaining relief on his claims. *See id*.

**AFFIRMED**.