

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS GOMEZ; MARIA GILA GOMEZ, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF TORRANCE; TORRANCE POLICE DEPARTMENT; DAVID MAITLEN, Officer, <br><br> Defendants - Appellees. | No. 10-55144 <br><br> D.C. No. 2:07-cv-00790-ODW-SH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted June 6, 2011[**]
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lawrence L. Piersol, Senior United States District
Judge for the District of South Dakota, sitting by designation.

The district court did not abuse its discretion in bifurcating the trial into a statute of limitations phase and a liability phase because the statute of limitations issue was dispositive, *see Exxon Co. v. Sofec, Inc*., 54 F.3d 570, 575 (9th Cir. 1995); *see also* Fed. R. Civ. P. 42(b), and the issues associated with the equitable estoppel and liability claims were not so interwoven as render bifurcation inappropriate, *see Hilao v. Estate of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996).

The district court did not improperly exclude evidence regarding the fourth surveillance tape or the white car. The Gomezes never offered the fourth surveillance video for admission into evidence. Any error in excluding evidence regarding Officer Maitlen's alleged fabrication of a story about a driver of a white car was harmless as to the Gomezes' equitable estoppel claim, because there was no evidence that the Gomezes were aware of this incident, and so they could not have relied on Officer Maitlen's alleged misrepresentation. *See Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). The exclusion of the "white car" evidence was also harmless as to the Gomezes' imputed concealment claim (i.e., the claim that Officer Maitlen's alleged intent to defraud the Gomezes by proffering the white car story should be imputed to the police department), because the Gomezes offered no evidence of collusion between Maitlen and the police department on this issue. *Cf. Riddell v. Riddell Wash. Corp.*, 866 F.2d 1480, 1493 (D.C. Cir. 1989).

Although the district court erred in failing to instruct the jury that "the plaintiff's actual and reasonable reliance on the defendant's conduct or representations" is one factor in a finding of equitable estoppel, *Santa Maria*, 202 F.3d at 1176, the error was harmless because the Gomezes failed to offer evidence that they relied on the police report or that the attorneys whom they consulted declined to take the case because of the police report, *see Snyder v. Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local No. 287*, 175 F.3d 680, 688 n.12 (9th Cir. 1999).

The district court did not err in failing to define the word "prevent," because it is a "'common term[] that [is] readily understandable to the jury,'" *see United States v. Somsamouth*, 352 F.3d 1271, 1275 (9th Cir. 2003) (quoting *United States v. Shryock*, 342 F.3d 948, 986 (9th Cir. 2003)), and any ambiguity regarding the intent requirement was clarified earlier in the jury instructions, *see Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). Finally, although the district court erred in instructing the jury that, in order to impose liability on the City, the Gomezes were required to prove that an individual city official or employee was liable for any fraudulent concealment pursuant to a "policy, custom, or longstanding practice," such error was harmless because the verdict form indicates that the jury did not find that any of the individual defendants were liable. The

3

Gomezes waived their claim that including the names of police officers who were not defendants on the verdict form was an error because they failed to offer or develop any argument regarding this claim in their opening brief. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

The district judge's questioning of witnesses and the judge's allegedly improper gestures and expressions at trial did not deprive the Gomezes of a fair trial. The district judge's questioning of witnesses was not improper and appears to have been for the purpose of clarifying each witness's testimony, *see United States v. Mostella*, 802 F.2d 358, 361 (9th Cir. 1986), and there is no evidence in the record that the district judge's expressions or gestures overstepped propriety, *see Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008).

**AFFIRMED.**