**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE KASSAB, | No. 09-56653 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01071-MMA-WMC |
| v. | |
| SAN DIEGO POLICE DEPARTMENT, a municipal corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted September 27, 2011[**]

Before:  SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Steve Kassab appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging unlawful search and seizure, false arrest,

excessive force, and other claims.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo. *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Kassab's § 1983 claims concerning the searches of his store, his arrest, and his prosecution because these claims are *Heck*-barred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a plaintiff cannot bring a § 1983 claim that necessarily implies the invalidity of a conviction unless the conviction has been invalidated); *see also Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006) (claims implying the invalidity of plaintiff's convictions were *Heck*-barred even though plaintiff was no longer in custody).

The district court properly granted summary judgment on Kassab's excessive force claim alleging that defendant Nunez slammed a car door on his knee because Kassab failed to create a genuine dispute of material fact as to whether Nunez acted intentionally. *See Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989) (only intentional conduct can form the basis of a Fourth Amendment violation).

The district court also granted summary judgment on Kassab's excessive force claim against the individual officers alleging that he was subjected to excessive heat. The district court concluded that qualified immunity applied because the force used was de minimus and because it was not clearly established

that the officers' conduct violated the Fourth Amendment. However, in his verified amended complaint and his declaration in opposition to summary judgment, Kassab stated that he was detained in a police car for more than four hours, with the windows rolled up, no air conditioning, and an interior temperature of 115 degrees. According to his sworn statements, Kassab suffered from heat stroke, had difficulty breathing, and almost passed out several times. These facts, viewed in the light most favorable to Kassab, create a triable dispute as to whether defendants used excessive force. *See Boyd v. Benton County*, 374 F.3d 773, 781 (9th Cir. 2004) ("[W]hen an officer's conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." (citation and internal quotation marks omitted)); *Jackson v. City of Bremerton*, 268 F.3d 646, 651 & n.1 (9th Cir. 2001) (discussing factors for determining whether the force used was excessive, and stating that the test for reasonableness is often a jury question). Accordingly, we reverse summary judgment on Kassab's claim as to the individual officers and remand for further proceedings.

The district court properly granted summary judgment on Kassab's excessive force claims against the City of San Diego defendants because there was

no underlying constitutional violation as to the car door incident, *see Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994), and Kassab failed to create a triable dispute to as to whether the exposure to excessive heat was the product of a city custom or practice or a failure to train, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Kassab's remaining contentions are unpersuasive.

We do not consider arguments or claims that were not raised before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

All pending motion are denied.

Each party shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**