**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GARBER, | No. 11-56217 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07254-DDP-RNB |
| v. | |
| CITY OF LOS ANGELES GENERAL SERVICES DEPARTMENT, a political subdivision of the City of Los Angeles; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Robert Garber appeals pro se from the district court's judgment, following a

partial grant of judgment on the pleadings and a jury trial, in his 42 U.S.C. § 1983

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

action alleging unlawful search and seizure, conspiracy, malicious prosecution, and excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of judgment on the pleadings. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). We affirm.

The district court properly granted judgment on the pleadings on Garber's claims alleging unlawful search and seizure, conspiracy, and malicious prosecution because those claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("Under *Heck v. Humphrey*, a state prisoner cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" (alteration in original; citation omitted)); *see also id.* at 704-05 (claims implying the invalidity of plaintiff's underlying conviction were *Heck*-barred even though plaintiff was no longer in custody).

The district court properly granted judgment on the pleadings on Garber's claims alleging municipal liability because Garber failed to allege facts demonstrating that the officers' actions "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision, officially adopted and promulgated"

2

by the City, or that any deprivation was inflicted "pursuant to governmental 'custom.'" *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

To the extent that Garber is challenging the sufficiency of the evidence supporting the jury's verdict, he has waived that challenge by failing to file a post-verdict motion under Fed. R. Civ. P. 50. *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) ("[A] post-verdict motion under Rule 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence.").

We reject Garber's contentions that the district court biased the jury against him during voir dire, erred in its evidentiary rulings, improperly denied motions for contempt and a continuance, and improperly failed to rule that defense counsel committed misconduct.

**AFFIRMED.**