**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSHUA RASHID RADWAN,

Plaintiff - Appellant,

v.

COUNTY OF ORANGE; MICHAEL
CARONA; JAMES FOUSTE; MARK
KUNAR; MARK HERGESHEIMER;
MICHAEL PADILLA; MANUEL
GARCIA; CYRIL FOSTER; DAVID
HERNANDEZ; JARRETT KURIMAY;
MATTHEW PRINCE; IRA ESSOE;
SEAN HILLIARD,

Defendants - Appellees.

No. 11-56415

D.C. No. 8:08-cv-00786-AG-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.[**]

Plaintiff Joshua Radwan appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 unlawful search and seizure claim. Radwan says that *Heck v. Humphrey*, 512 U.S. 477 (1984), does not bar this claim. Radwan also appeals the jury's verdict in the defendants' favor on his § 1983 excessive force claim. He says that the district court erred by allowing an in-court demonstration of the use of leg irons; admonishing Radwan's counsel in front of the jury; and allowing the defense attorney to vouch for the defendant police officers. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

**1.** The district court properly ruled that *Heck* bars Radwan's § 1983 unlawful search and seizure claim. We have repeatedly found *Heck* to bar § 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas. *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011); *Whitaker v. Garcetti*, 486 F.3d 572 (9th Cir. 2007); *Guerrero v. Gates*, 442 F.3d 697, 704 (9th Cir. 2006). In his § 1983 suit, Radwan challenges the search and seizure of the marijuana that formed the basis of his conviction for marijuana possession under California Health and Safety Code § 11357(b). Were Radwan to succeed on his

---

[**]    The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

2

§ 1983 search and seizure claim, such success would necessarily imply the invalidity of his conviction for marijuana possession.[1] Thus, *Heck* bars this claim.

Moreover, even though Radwan could not pursue habeas corpus relief, *Heck* bars his § 1983 search and seizure claim because he failed to meet *Heck*'s favorable termination requirement due to his own lack of diligence. *See Guerrero*, 442 F.3d at 704-05; *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002).

**2.** The district court did not abuse its discretion when it permitted the in-court demonstration of the use of leg irons. The demonstration was directly relevant to a disputed issue: whether the deputies safely could have checked, loosened, or removed Radwan's leg irons after he complained they were too tight. The demonstration was not unduly prejudicial in light of its probative value and the limits the district court properly placed on the demonstration.

**3.** The district court did not abuse its discretion when it admonished Radwan's counsel for showing a video montage with repetitive and potentially misleading video

---

[1] *Heck* also bars Radwan's state-law false arrest claims because success on those claims would call into question the lawfulness of his prior conviction for marijuana possession. *See Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008) (acknowledging that *Heck* "is a rule of federal law that applies only to federal causes of action" but concluding that state law also bars a plaintiff from prosecuting state law claims that would necessarily imply the invalidity of a prior state conviction).

excerpts. *See Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991); *United States v. Bennett*, 702 F.2d 833, 836 (9th Cir. 1983).

**4.** We do not decide whether the rule against vouching applies to civil trials because, even if certain of defense counsel's statements would constitute vouching, any prejudice was dissipated by Radwan's counsel's objection, the court sustaining the objection, and the court instructing the jury that attorneys are not permitted to vouch and that attorney arguments do not constitute evidence. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270-71 (9th Cir. 2000).

**AFFIRMED.**