ROGERS, Circuit Judge,
dissenting.
The district court reached the correct result in dismissing all of Harrison’s claims.. The statute of limitations bars Harrison’s claims against the non-state defendants to the extent he seeks relief based on the excess time served for the 1986 conviction. The statute of limitations for filing a civil rights claim in Michigan is three years. See Mich. Comp. Laws § 600.5805(10); Carroll v. Wilkerson, 782 F.2d 44 (6th Cir.1986) (per curiam). Harrison’s claims arising from his 1986 sentence accrued upon his release from prison in 1990. The instant suit, filed in 2010, is therefore untimely.
Harrison argues that his claim did not accrue until the Michigan Court of Appeals held, in 2008, that-Harrison had been improperly sentenced, but he is incorrect. A *777 plaintiffs § 1983 claim does not accrue until “the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.” Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (internal quotation marks and citations omitted). Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), created a favorable-discharge rule, under which a claim relating to “a conviction or sentence that has not been ... invalidated is not cognizable under § 1983.” Id. at 487, 114 S.Ct. 2364. Heck established that a plaintiff seeking redress under § 1983 “must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order ... or called into question by a federal court’s issuance of a writ of habeas corpus.” Id. at 486-87, 114 S.Ct. 2364. Heck did not “engraft an exhaustion requirement upon § 1983, but rather denfied] the existence of a cause of action” until the plaintiff secures favorable discharge. Id. at 489, 114 S.Ct. 2364. Were Heck the end of the inquiry, Harrison’s § 1983 claim would not have accrued until he received the favorable discharge from the Michigan Court of Appeals in 2008, and the instant claims therefore would have been timely.
The Heck rule is complicated, however, by the Supreme Court’s decision in Spencer v. Kemna, and the holding reflected in Justice Souter’s concurrence. 523 U.S. 1, 18-21, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (Souter, J., concurring). Justice Souter indicated that the favorable-termination requirement does not apply after a plaintiff/prisoner is released from custody. Id. In those situations, Justice Souter reasoned, any habeas petition brought by a plaintiff would be dismissed as moot. To bar § 1983 actions pending favorable discharge, therefore, would immunize potentially unconstitutional behavior from federal judicial review. Id. at 21, 118 S.Ct. 978. Justices O’Connor, Ginsburg and Breyer joined this concurrence. Justice Stevens expressed approval for the position in a dissent, thereby providing a majority of the Supreme Court. See id. at 25 n. 8, 118 S.Ct. 978 (Stevens, J., dissenting).
There is a circuit split regarding the interplay of Spencer and Heck, but we have already determined that Justice Souter’s concurrence in Spencer is the law.[1] See Powers v. Hamilton Cnty. Pub. Defender Comm’n, 501 F.3d 592, 602-03 (6th Cir.2007). In Shamaeizadeh v. Cunigan, we acknowledged that Spencer “clearly excludes from Heck’s favorable termination requirement former prisoners no longer in custody.” 182 F.3d 391, 396 n. 3 (6th Cir.1999). We have further recognized that where a defendant is no longer in custody and has knowledge of his injury, “the statute of limitations would begin to run when the plaintiff has satisfied his term of imprisonment.” Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir.2001) (internal quotation marks and citations omitted). Applying this rule to Harrison, the statute of limitations began to run when he was released from prison, making his current action untimely.
The gloss on the Spencer rule provided in Powers, 501 F.3d at 601, does not compel a different conclusion. In Powers, a defendant had been wrongly incarcerated for one day. Id. The defendant argued that the Heck favorable-discharge rule did not apply because he had been released *778 from prison. Id. This court agreed that the favorable-discharge rule did not apply, reasoning in part:
What is dispositive in Powers’s situation is not that he is no longer incarcerated, but that his term of incarceration — one day — was too short to enable him to seek habeas relief. It seems unlikely that Justice Souter intended to carve out a broad Heck exception for all former prisoners. The better reading of his analysis is that a § 1983 plaintiff is entitled to a Heck exception if the plaintiff was precluded “as a matter of law” from seeking habeas redress, but not entitled to such an exception if the plaintiff could have sought and obtained habeas review while still in prison but failed to do so. See, e.g., Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir.2006) (holding that the plaintiff could not “now use his failure timely to pursue habeas remedies as a shield against the implications of Heck ”) (internal quotation marks omitted).
Id. This language suggests that the Spencer exception is limited, and reflects a concern that applying Spencer broadly would open the courthouse doors to every released prisoner. To the extent that this language can be read to limit the scope of the Spencer exception to Heck, the limit was not necessary to our holding in Powers, which applied Spencer (rather than the limit).
The policy animating the language in Powers, however, is not applicable in the statute-of-limitations context. The Powers gloss reflects a need to prevent a defendant from collaterally attacking a conviction where he had the opportunity to raise a habeas claim but did not. To effectuate this purpose, Powers proposed limiting the Spencer exception to instances where unconstitutional conduct could evade federal judicial review as a matter of law. It is, therefore, contrary to the purpose of Powers to extend the statute of limitations based on the Powers rule. In this case, allowing Harrison to use his purported failure to qualify for a Spencer exception as a shield against the statute of limitations would aggravate rather than allay the concern expressed in Powers. Were we to allow Harrison’s claim, future plaintiffs could game the system — -a prisoner could avoid the procedural hurdles of federal habeas review by simply not filing a petition. Where a defendant had the opportunity to file a habeas petition but did not, he cannot use that tactical decision to excuse an untimely § 1983 claim.

. The Second, Fourth, Seventh, Ninth, and Eleventh Circuits have also accepted the Spencer concurrence as law. See Huang v. Johnson, 251 F.3d 65, 75 (2d Cir.2001); Wilson v. Johnson, 535 F.3d 262, 267-68 (4th Cir.2008); Carr v. O’Leary, 167 F.3d 1124, 1127 (7th Cir.1999); Nonnette v. Small, 316 F.3d 872, 876-77 (9th Cir.2002); Harden v. Pataki, 320 F.3d 1289, 1298 (11th Cir.2003).