**Phillip Eugene SANDERS, Plaintiff–Appellant,**

v.

**MAGIC METRO TACTICAL TEAM; et al., Defendants–Appellees.**

**No. 13–17285.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2015.*

Filed July 31, 2015.

Phillip Eugene Sanders, Fresno, CA, pro se.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

**MEMORANDUM ***

Phillip Eugene Sanders appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of his arrest, and subsequent state court criminal proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir.2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Sanders's claims against the police officers as barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because success on these claims would necessarily demonstrate the invalidity of his conviction, and Sanders failed to allege facts sufficient to show its invalidation. *See id.* at 486–87, 114 S.Ct. 2364 (§ 1983 claims that necessarily challenge the fact or duration of confinement are barred unless the conviction or sentence has been invalidated); *see also Guerrero v. Gates,* 442 F.3d 697, 703–04 (9th Cir.2006) (*Heck* barred claims of former prisoner where success on those claims would necessarily imply the invalidity of his conviction and where habeas relief was not timely sought).

The district court properly dismissed Sanders's claims against the public defenders and legal staff because these defendants are not state actors subject to liability under § 1983. *See Miranda v. Clark County, Nev.,* 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (a public defender is not a state actor under § 1983); *Simmons v. Sacramento Cnty. Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003) (private parties do not generally act under color of state law for § 1983 purposes).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Sanders's claims against the state court judges and commissioner because these defendants are immune from liability for damages under § 1983. *See Franceschi v. Schwartz,* 57 F.3d 828, 830–31 (9th Cir. 1995) (commissioner was entitled to judicial immunity from damages liability for claims arising out of official acts or the performance of judge-like functions); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.