NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEF MOSCHREF,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KIRK STRATTON, Chief of Police; MARTIN CORONA, Officer; TOWN OF COLMA,<br><br>Defendants-Appellees. | No. 16-15306<br><br>D.C. No. 3:15-cv-02410-EDL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted September 12, 2017[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and BEA, Circuit Judges.

Josef Moschref appeals the Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

action against the Town of Colma, Chief of Police Kirk Stratton, and Officer Martin Corona. We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo the district court's Rule 12(b)(6) dismissal. We affirm.

The district court did not err in concluding that Moschref's First Amendment claims against Appellees, including his claim for retaliation, were barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). To succeed in a § 1983 action, Moschref would have to show that Officer Corona's statements—including the statement that Moschref was the driver of the car during the August 7, 2012, incident leading to his arrest—were false, which would necessarily, and impermissibly, imply the invalidity of Moschref's DUI conviction. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck*, 512 U.S. at 487).

The district court also properly dismissed Moschref's claim for malicious prosecution. Moschref did not allege that the state court proceedings "terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing *Heck*, 512 U.S. at 484–85). The felony charges based on his post-arrest conduct were simply dismissed as part of a negotiated plea deal, which culminated in Moschref's DUI conviction.

Finally, the district court correctly dismissed Moschref's claims under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). Because Moschref has not stated any underlying constitutional violations,

his *Monell* claims necessarily fail.

Costs are awarded to the Appellees.

**AFFIRMED.**