**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TADARYL WILLIAMS, | No. 09-16982 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00112-ECR-VPC |
| v. | |
| H. SKOLNICK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted September 22, 2010[**]

Before:     WALLACE, HAWKINS and THOMAS, Circuit Judges.

The district court properly dismissed Tadaryl Williams's ("Williams")

claims stemming from a disciplinary proceeding that resulted in the loss of 103

days of good-time credit because Williams did not allege that the punishment had

been invalidated.  *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (barring

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

section 1983 claim for damages that implicated the invalidity of the revocation of good-time credits). Contrary to Williams's contentions, the expiration of his applicable sentence does not provide him with an exception to the favorable termination rule. *See Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006).

The district court did not abuse its discretion by denying Williams's motion to compel discovery where his motion was filed prematurely. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and noting that the trial court's broad decision to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant") (citation and internal quotation marks omitted).

The district court did not abuse its discretion by denying Williams's requests for appointment of counsel because Williams did not demonstrate that exceptional circumstances existed. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and "exceptional circumstances" requirement).

We deny Williams's request for an en banc hearing. *See* Fed. R. App. P. 35.

**AFFIRMED.**

09-16982