**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMONDZA HUNTER,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>BALLARD; et al.,<br><br>          Defendants - Appellees. | No. 14-56531<br><br>D.C. No. 3:13-cv-02691-H-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Demondza Hunter, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal under the applicable statute of limitations); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Hunter's action because, even with the benefit of statutory tolling due to incarceration, Hunter failed to file his action within the applicable statute of limitations. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal law determines when a civil rights claim accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (for claims accruing prior to 2003, California's statute of limitations was one year); *see also* Cal. Code Civ. Proc. § 352.1(a) (two-year statutory tolling for incarceration). Even taking into consideration California's discovery rule, Hunter's action was still untimely.

The district court did not abuse its discretion in finding that equitable estoppel did not apply to Hunter's action because Hunter did not plead with

particularity that defendants fraudulently concealed any facts that prevented Hunter from timely filing this action. *See Lukovsky*, 535 F.3d at 1051-52 (setting forth elements of California's doctrine of equitable estoppel); *Guerrero v. Gates*, 442 F.3d 697, 706-07 (9th Cir. 2006) (explaining that a plaintiff "must plead with particularity the facts which give rise to the claim of fraudulent concealment" (citation and internal quotation marks omitted)); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion in denying Hunter leave to amend his fraudulent concealment claim because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

The district court did not abuse its discretion by denying Hunter's motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e) because Hunter failed to establish any ground warranting such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**