John **CANFIELD**, Plaintiff–Appellant,

v.

**MALLINCKRODT INC.**, Defendant–Appellee.

No. 04–56838.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 18, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Thomas R. Gill, Esq., The Gill Group, APC, San Diego, CA, for Plaintiff–Appellant.

Paul M. Gleason, Esq., Ogeltree, Deakins, Nash, Smoak & Stewart P.C., Los Angeles, CA, for Defendant–Appellee.

Before: BRUNETTI, KOZINSKI, and RYMER, Circuit Judges.

## MEMORANDUM **

John Canfield appeals the district court's judgment in favor of Mallinckrodt, Inc. on his claims under the California Fair Employment and Housing Act, Cal. Gov.Code § 12900 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Canfield failed to exhaust his state administrative remedies as his second complaint was untimely, relied upon different facts, and asserted a different theory of discrimination from his first complaint. Accordingly, it was not "like or related to" the timely-filed complaint. *Okoli v. Lockheed Tech. Operations Co.,* 36 Cal.App.4th 1607, 1615, 43 Cal.Rptr.2d 57 (1995); *see Rodriguez v. Airborne Express,* 265 F.3d 890, 896–97 (9th Cir.2001).

■ Whether or not equitable estoppel or equitable tolling are available under California law, *cf. Williams v. City of Belvedere,* 72 Cal.App.4th 84, 92–93, 84 Cal. Rptr.2d 658 (1999), Canfield points to no facts showing fraudulent concealment above and beyond the wrongdoing upon which his complaint is based. *See Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1177–78 (9th Cir.2000). In any event, Canfield was aware that he had discrimination

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claims based both on his injured back and on his hearing loss no later than his February 26, 2003 deposition when he so testified. For this reason, the district court did not abuse its discretion in declining to toll the running of the statute of limitations.

Finally, the district court did not abuse its discretion in managing the trial. Canfield did not object to the time-limit, and the district court did not unreasonably apply the restriction. Nor did the court improperly deviate from the Pre–Trial Conference Order by limiting consideration of hearing-loss evidence; it had discretion to do so as it found the hearing loss was a life-long impairment that lacked probative value on Canfield's age discrimination claim.

AFFIRMED.