FILED

MAR 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARLENE D. ROWLAND,<br><br>    Petitioner,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF LABOR; et al.,<br><br>    Respondents. | No. 10-70428<br><br>LABR No. 08-108<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Labor

Submitted February 21, 2012[**]

Before:  FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

 Arlene D. Rowland petitions pro se for review of the Department of Labor's

Administrative Review Board ("ARB") order dismissing her whistle-blower

complaint under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A.

---

 [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Rowland's request for oral argument is denied.

We have jurisdiction under 18 U.S.C. § 1514A(b)(2)(A) and 49 U.S.C. § 42121(b)(4). We review the ARB's decision pursuant to the Administrative Procedure Act and will reverse only if the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Coppinger-Martin v. Solis*, 627 F.3d 745, 748 (9th Cir. 2010) (citation and internal quotation marks omitted). We deny the petition.

The ARB did not err by dismissing Rowland's complaint because Rowland failed to raise a genuine dispute of material fact as to whether Prudential Equity Group, LLC's filing of a lawsuit to confirm an arbitration award constituted an adverse action under the SOX. *See* 18 U.S.C. § 1514A(a) (SOX whistle-blower provision); *Van Asdale v. Int'l Games Tech.*, 577 F.3d 989, 996 (9th Cir. 2009) (elements of prima facie case under SOX whistle-blower provision).

Rowland's remaining contentions are unpersuasive.

Rowland's request for judicial notice is denied as unnecessary because respondents have included the necessary parts of the administrative record in the excerpts of record.

**PETITION FOR REVIEW DENIED.**