**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MICHEL HENDRIX, | No. 13-56867 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02402-MWF-PLA |
| v. | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

Before: PREGERSON, TASHIMA, and CALLAHAN, Circuit Judges.

Michael Hendrix ("Hendrix") brought suit against Novartis Pharmaceuticals

Corporation ("Novartis"), alleging that Novartis's prescription drug, Zometa,

caused his osteonecrosis of the jaw. Hendrix appeals the district court's summary

judgment in favor of Novartis, as well as the district court's order denying

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hendrix's motion for leave to file an amended complaint for punitive damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), we affirm. Accordingly, we dismiss as moot the appeal from denial of leave to amend.

1.     The district court did not err in holding that Hendrix's claim was time barred under California's two-year statute of limitations for personal injury. *See* Cal. Code Civ. Proc. § 335.1. There are no genuine issues of material fact as to when Hendrix discovered, or had reason to discover, his injury. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110–11 (1988) (noting that the limitations period begins to run when a plaintiff suspects, or through reasonable diligence should suspect, that the injury was caused by wrongdoing). By late 2003, Hendrix had been given a working diagnosis and was taken off Zometa, because it was believed to have caused his osteonecrosis of the jaw. This belief was communicated to both Hendrix and his wife. Any reasonable jury would conclude that Hendrix knew or should have suspected that Zometa had caused his injuries more than two years before his January 17, 2006 filing. We affirm the district court's grant of summary judgment.

**2.** Because we have affirmed the district court's grant of summary judgment, whether leave to amend was properly denied is now moot. Thus, there no longer is any live, substantive claim to which a prayer for punitive damages could attach.

The district court's grant of summary judgment is **AFFIRMED.** The appeal from the denial of leave to amend is **DISMISSED**.