**Cindi BEKINS, Plaintiff,**

v.

**ASTRAZENECA PHARMACEUTICALS LP; AstraZeneca LP, Defendants.**

**Case No.: 16cv2732-MMA (MDD)**

United States District Court, S.D. California.

Signed March 06, 2017

Filed 03/07/2017

---

Jennie Lee Anderson, Andrus Anderson LLP, San Francisco, CA, for Plaintiff.

Amy Fisher, Katherine Althoff, Ice Miller LLP, Indianapolis, IN, Cameron J. Hoyler, Peter A. Strotz, King and Spalding LLP, Los Angeles, CA, William E. Steimle, King & Spalding, San Francisco, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Hon. Michael M. Anello, United States District Judge

On November 3, 2016, Plaintiff Cindi Bekins filed this product liability action against Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP, which Defendants subsequently removed to this Court. *See* Doc. No. 1. On December 23, 2016, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP filed a motion to dismiss Plaintiff's Complaint, in part arguing that Plaintiff's action is barred by the applicable statute of limitations. For the following reasons, the Court agrees that Plaintiff fails to allege that this action is timely, and **GRANTS** Defendants' motion to dismiss.

### BACKGROUND

Plaintiff alleges Defendants manufactured "Nexium and/or other Nexium branded products and PPIs." Compl. ¶ 14. She alleges she "ingested Nexium and/or other Nexium branded products and PPIs [1] from approximately 2003-2016," and never took more than the recommended dosage, per the label and packaging of the products. Compl. ¶ 13. Plaintiff alleges she "suffered Acute Kidney Failure in approximately 2011," which she claims was caused by her use of Defendants' drugs. Compl. ¶¶ 12, 14. Based on these allegations, Plaintiff asserts causes of action for negligence, strict product liability based on a manufacturing defect, strict product liability based on design defect, strict product liability for failure to warn, and breach of implied warranty.

### LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173

---

1. Plaintiff defines PPIs as Proton Pump Inhibitors.

L.Ed.2d 868 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

### DISCUSSION

As one basis for dismissal, Defendants argue Plaintiff's action is time-barred. Defendants point out that Plaintiff's alleged injury—kidney failure—occurred in 2011, yet Plaintiff did not file the instant action until November 2016. Defendants contend the statute of limitations for a personal injury action is two years in California. *See* Doc. No. 8 (citing Cal. Code. Civ. P. §§ 312, 335.1).[2] Thus, Defendants argue that because Plaintiff's causes of action began to accrue when her injury occurred in 2011, Plaintiff had to have filed this action within two years of that date. Defendants contend that Plaintiff's action is accordingly untimely by approximately three years, and that Plaintiff does not sufficiently allege that either the delayed discovery rule or the doctrine of fraudulent concealment apply to render Plaintiff's action timely. Plaintiff does not dispute that a two-year statute of limitations applies to her claims, but rather she argues her action is timely under the doctrines of delayed discovery and fraudulent concealment.[3] The Court addresses the sufficiency of Plaintiff's allegations as to each of these doctrines in turn.

### A. California's Delayed Discovery Rule

Typically, under California law, a claim "accrues when the claim is complete with all of its elements," which "ordinarily occurs on the date of the plaintiff's injury." *See Slovensky v. Friedman*, 142 Cal. App.4th 1518, 1528, 49 Cal.Rptr.3d 60

---

2. Defendants correctly look to California law for the applicable statute of limitations. *See Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1134, 1140 (C.D. Cal. 2010) ("In a federal diversity action based on alleged violations of state law, the state statute of limitations controls.") (quoting *Adams v. I–Flow Corp.*, No. CV09-09550 R, 2010 WL 1339948, at *3 C.D. Cal. Mar. 30, 2010).

3. In the interest of resolving matters on their merits, the Court considers Plaintiff's opposition brief despite Defendants' protest that it was untimely by one court day. For that reason, the Court also **DENIES AS MOOT** Plaintiff's motion for leave to file a sur-reply regarding that issue (Doc. No. 25).

(2006). However, "the discovery rule delays accrual of claims only when a plaintiff has no reason to suspect wrongdoing and can not discover his or her claims with reasonable diligence." *Plumlee v. Pfizer, Inc.*, 664 Fed.Appx. 651 (9th Cir. 2016). Thus, it only "delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *See Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 27 Cal. Rptr.3d 661, 110 P.3d 914, 920 (2005). In other words, a plaintiff is "charged with presumptive knowledge of an injury"—meaning both the physical or economic injury *and* its negligent cause—"if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation." *See* Fox, 27 Cal.Rptr.3d 661, 110 P.3d at 920 (internal quotations, citations, and alterations omitted); *see also Parsons v. Tickner*, 31 Cal. App.4th 1513, 1525, 37 Cal.Rptr.2d 810 (1995) (stating that a plaintiff has presumed knowledge where they have "the opportunity to obtain knowledge from sources open to [their] investigation (such as public records or corporation books)"). "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *See E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal.App.4th 1308, 1319, 64 Cal.Rptr.3d 9 (2007) (citing *McKelvey v. Boeing North American, Inc.*, 74 Cal.App.4th 151, 160, 86 Cal.Rptr.2d 645 (1999)). The plaintiff bears the burden of demonstrating reasonable diligence, and "conclusory allegations" of diligence will not suffice on a motion to dismiss. *Id.*

■ Here, Plaintiff's Complaint, on its face, reveals that her claims would be barred if not for the application of the delayed discovery rule or some other doctrine. Plaintiff argues that she pleads "sufficient facts to allege the delayed discovery rule" because "[i]t was not until Plaintiff saw a television commercial in June of 2016 identifying the link between PPIs and kidney disease that Plaintiff discovered the cause of her injuries." *See* Doc. No. 21. However, the Complaint is the operative pleading, and the Complaint does not include that allegation. Thus, the Complaint does not include any facts regarding the timing or manner of discovery. Also, Plaintiff does not allege she conducted any investigation into the cause of her injury, let alone a reasonably diligent investigation. *See Hendrix v. Novartis Pharm. Corp.*, 975 F.Supp.2d 1100, 1107 (C.D. Cal. 2013), *aff'd*, 647 Fed.Appx. 749 (9th Cir. 2016) (citing *Fox*, 27 Cal.Rptr.3d 661, 110 P.3d at 922) (requiring a plaintiff show that they conducted a reasonable investigation of all potential causes of their injury and that they failed to uncover that the injury was wrongfully caused despite their diligence).

Further, Plaintiff does not allege facts evincing her inability to have made earlier discovery even if she had conducted a reasonably diligent investigation.[4] In fact, Plaintiff's Complaint affirmatively indicates that Plaintiff could have discovered the allegedly wrongful cause of her injury much earlier based on the apparent "opportunity to obtain knowledge from sources open to her investigation." *See Fox*, 27 Cal.Rptr.3d 661, 110 P.3d at 920. Specifically, Plaintiff alleges that in 1992, researchers at the University of Arizona "published the first article associating PPI usage with kidney injuries in *The Ameri-*

---

4. Plaintiff merely concludes without factual support that "Plaintiff and her prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposed to the risks identified in the Complaint." *See* Compl. ¶ 49.

*can Journal of Medicine, followed by years of reports* from national adverse drug registries describing this association." *See* Compl. ¶ 23 (emphasis added). Additionally, Plaintiff describes the existence of other studies and publications predating the expiration of the two-year statute of limitations period and the filing of this action. *See e.g.,* Compl. ¶ 24 (describing a Yale case series published in 2006), ¶ 25 (describing a 2011 petition to the FDA to add black box warnings to PPI labels), ¶¶ 27–32. Accordingly, Plaintiff fails to plead the delayed discovery rule applies to extend the accrual of her causes of action.

### B. Fraudulent Concealment

 Under California law,[5] the doctrine of fraudulent concealment, "[a] close cousin of the discovery rule," may toll the statute of limitations, "where a defendant, through deceptive conduct, has caused a claim to grow stale." *See Bernson v. Browning-Ferris Indus.,* 7 Cal.4th 926, 931, 30 Cal.Rptr.2d 440, 873 P.2d 613 (1994); *Allen v. Similasan Corp.,* 96 F.Supp.3d 1063, 1071 (S.D. Cal. 2015). If applicable, the statute of limitations is only tolled "for that period during which the claim is undiscovered by plaintiff or until such time as plaintiff, by the exercise of reasonable diligence, should have discovered it." *See Bernson,* 7 Cal.4th at 931, 30 Cal.Rptr.2d 440, 873 P.2d 613 (citing *Sanchez v. South Hoover Hospital,* 18 Cal.3d 93, 132 Cal.Rptr. 657, 553 P.2d 1129, 1134 (1976)). The rationale behind this equitable rule is to prevent a defendant from "profiting by his own wrong to the extent that it hindered an 'otherwise diligent' plaintiff in discovering his cause of action." *Id.* (quoting *Sanchez,* 132 Cal.Rptr. 657, 553 P.2d at 1134).

 To invoke the doctrine, "a plaintiff must allege the supporting facts [of the fraud]—i.e., the date of discovery, the manner of discovery, and the justification for the failure to discover the fraud earlier—with the same particularity as with a cause of action for fraud." *See Fuller v. First Franklin Fin. Corp.,* 216 Cal.App.4th 955, 962, 163 Cal.Rptr.3d 44 (2013), *as modified on denial of reh'g* (June 24, 2013); *see also Jaeger v. Howmedica Osteonics Corp.,* No. 15-CV-00164-HSG, 2016 WL 520985, at *11 (N.D. Cal. Feb. 10, 2016) ("[I]n a federal diversity action, a plaintiff alleging fraudulent concealment must satisfy the heightened pleading requirements of [Federal] Rule [of Civil Procedure] 9(b)."). The plaintiff must assert "the specific facts constituting the fraud." *See River Colony Estates Gen. P'ship v. Bayview Fin. Trading Grp., Inc.,* 287 F.Supp.2d 1213, 1222 (S.D. Cal. 2003). Further, a plaintiff must plead that "he or she used due diligence in an attempt to uncover the facts." *Allen,* 96 F.Supp.3d at 1071. Lastly, "[t]he factual basis for fraudulent concealment must differ from any cause of action for fraud that is pled." *See Jaeger,* 2016 WL 520985, at *11; *Deirmenjian v. Deutsche Bank, A.G.,* No. CV 06-00774 MMM CWX, 2006 WL 4749756, at *42 (C.D. Cal. Sept. 25, 2006); *Kirsopp v. Yamaha Motor Co.,* No. CV1400496BROVBKX, 2015 WL 11197829, at *5 (C.D. Cal. Jan. 7, 2015). A plaintiff "must point to some fraudulent concealment, some active conduct by the defendant 'above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" *See Lukovsky v. City & Cty. of San Francisco,* 535 F.3d 1044, 1052 (9th Cir. 2008) (quoting *Guerrero v. Gates,* 442 F.3d 697, 706 (9th Cir. 2006)); *Canfield v. Mallinckrodt Inc.,* 213 Fed.Appx. 554,

---

**5.** "A federal court sitting in diversity jurisdiction must generally apply the law of the forum state regarding whether an action is

barred by the statute of limitations." *See Hendrix,* 975 F.Supp.2d at 1105.

555 (9th Cir. 2006). Otherwise, a plaintiff's "attempt to invoke equitable estoppel 'merges the substantive wrong with the tolling doctrine'" and eliminates the statute of limitations for claims arising out of the overlapping substantive wrong. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 751 (9th Cir. 2010); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990).

 Here, as discussed above, Plaintiff does not allege either the date or the manner of discovery. She also fails to specify in terms that would satisfy Rule 9(b) how Defendants acted deceptively to conceal information from Plaintiff. Plaintiff argues in her opposition brief that she "has pled that Defendants purposefully concealed the known risks of Nexium" and "[b]ecause of this concealment, Plaintiff was unable to discover the cause of her complications." *See* Doc. No. 21. The Complaint alleges that "Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiff and her physicians the true and significant risks associated with PPI use." *See* Compl. ¶ 46. Plaintiff alleges: "Specifically, Defendants have failed to adequately inform consumers and the prescribing medical community against the serious risks associated with PPIs and have completely failed to warn against the risk of CKD and ESRD." *See* Compl. ¶ 46. Accordingly, it appears that what Plaintiff means by "affirmative misrepresentations and omissions" is that Defendants did not act, but rather passively failed to inform the public of the alleged risks of the drugs. However, "passive concealment of information" is insufficient. *See Ryan v. Microsoft Corp.*, 147 F.Supp.3d 868, 886 (N.D. Cal. 2015); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987) ("[S]ilence or passive conduct does not constitute fraudulent concealment."); *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1095–96 (9th Cir. 2005) ("Merely keeping someone in the dark is not the same as affirmatively misleading him.").

Insofar as Plaintiff intends to base her fraudulent concealment argument on affirmative representations, Plaintiff does not describe with any specificity any statements, whether on labels or advertisements, that Defendants were purportedly responsible for, and which were allegedly fraudulent. Such conclusory allegations are insufficient to plead the "specific facts constituting the fraud." *See River Colony Estates Gen. P'ship*, 287 F.Supp.2d at 1222; *Jaeger*, 2016 WL 520985, at *15 (stating that a "generalized allegation" that a defendant "actively conceal[ed]" causes of action does not satisfy 9(b)).

Further, Plaintiff does not allege that she—with due diligence or otherwise—ever attempted to discover the cause of her injury. As discussed, Plaintiff also fails to allege facts demonstrating that, had she exercised due diligence in investigating the cause of her kidney failure, she would not have been able to access any of the literature describing the association between the PPIs that she was purportedly regularly taking and kidney injuries.

Lastly, Plaintiff's factual basis for fraudulent concealment does not differ from the grounds for her claims. Plaintiff's claims are premised on Defendants' allegedly defective products and Defendants' purported failure to warn of their alleged defects. Thus, Plaintiff fails to "point to some fraudulent concealment, some active conduct by [Defendants] 'above and beyond the wrongdoing upon which'" Plaintiff's action is based. *See Lukovsky*, 535 F.3d at 1052.

For the foregoing reasons, Plaintiff fails to plead fraudulent concealment applies to this action.

## C. Leave to Amend

 Federal Rule of Civil Procedure 15(a) states that "leave to amend shall be freely given when justice so requires." *See Schmidt v. PNC Bank, NA,* 591 Fed.Appx. 642, 643 (9th Cir. 2015). While liberally granted, "leave to amend is not automatic." *Id.* It is within the discretion of district courts to deny leave to amend based on various factors, including futility of amendment. *Id.*; *Star Patrol Enterprises, Inc. v. Saban Entm't, Inc.,* 129 F.3d 127 (9th Cir. 1997). A court may deny leave to amend where it considers proposed amendments and finds that they would not cure the deficiencies of the complaint. *See Ward v. Gen. Motors Nat. Ret. Serv.,* 112 F.3d 518 (9th Cir. 1997); *Yamauchi v. Cotterman,* 84 F.Supp.3d 993, 1020 (N.D. Cal. 2015) (considering additional facts proffered by a plaintiff in an effort to show that they could cure deficiencies).

 Plaintiff requests leave to amend her Complaint, and as an exhibit to Plaintiff's opposition brief, Plaintiff attaches a proposed amended complaint. In considering the allegations in Plaintiff's proposed amended complaint, the Court finds Plaintiff's proposed amendments fall well short of curing the deficiencies Defendants raised as to the statute of limitations. Regarding the statute of limitations, the only new fact that Plaintiff proffers with specificity is that, in April 2016, "Plaintiff saw a television commercial identifying the link between PPIs (including the PPIs prescribed and taken by Plaintiff) and kidney disease." *See* Doc. No. 21, Exh. D, ¶ 103. Thus, Plaintiff adds one sentence regarding the timing and manner of her discovery of the grounds for her claims.

Otherwise, Plaintiff only adds conclusory allegations, such as that she "could not have discovered the unwarned risks of using PPIs through the exercise of reasonable care" and "did not have access to, or actually receive" information regarding the risks of PPIs. *See* Doc. No. 21, Exh. D, ¶¶ 104, 117. Plaintiff does not explain why she could not have, in the exercise of due diligence, uncovered any of the publications that Plaintiff alleges existed for more than two decades prior to her commencement of this action. Plaintiff "must specifically plead facts to show ... [her] inability to have made earlier discovery despite reasonable diligence," as opposed to just concluding that she could not have. *See Plumlee,* 664 Fed.Appx. at 653 (citing *Grisham v. Philip Morris U.S.A., Inc.,* 40 Cal.4th 623, 54 Cal.Rptr.3d 735, 151 P.3d 1151, 1159 (2007)); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1056 (9th Cir. 2008) (illustrating that under both the doctrines of delayed discovery and fraudulent concealment, a plaintiff is charged with presumptive knowledge of facts he or she could have discovered with the exercise of due diligence). Further, Plaintiff does not proffer facts indicating that she took any actions whatsoever to identify the cause of her injury. Equitable doctrines such as the delayed discovery rule and fraudulent concealment are reserved for the otherwise diligent plaintiff. *See Bernson,* 7 Cal.4th at 931, 30 Cal. Rptr.2d 440, 873 P.2d 613.

Also, specifically with regard to fraudulent concealment, Plaintiff's proffered allegations do not satisfy the required heightened pleading standard. Plaintiff's proposed complaint concludes that:

> The running of any statute of limitation has been tolled by reason of the Defendants' conduct. The Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiff and Plaintiff's treating physicians the true risks associated with PPIs.

*See* Doc. No. 21, Exh. D, ¶ 99. Yet, Plaintiff does not describe Defendant's alleged fraud or misrepresentations with any

specificity. Rather, as in the operative Complaint, Plaintiff's proposed amended complaint vaguely alludes to misrepresentations without describing any. Thus, the proposed amended complaint falls well short of describing, as required by Rule 9(b), "the who, what, when, where, and how" of the fraudulent conduct. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106–07 (9th Cir. 2003); Fed. R. Civ. P. 9(b). Lastly, Plaintiff again fails to "point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim[s] are filed,' which prevented her from suing. *See Lukovsky*, 535 F.3d at 1052 (quoting *Guerrero*, 442 F.3d at 706).

In sum, in both the operative Complaint and the proposed amended complaint, Plaintiff fails to plead facts demonstrating that she could not have discovered the facts giving rise to her claims if she had exercised due diligence. In fact, her Complaint and the proposed amended complaint indicate otherwise—that the first study published associating PPIs with kidney injuries was published in 1992, and that it was "*followed by years of reports* from national adverse drug registries describing this association." *See* Compl. ¶ 23 (emphasis added); *see also* Doc. No. 21, Exh. D, ¶ 59. This particular deficiency is fatal to the application of both the delayed discovery rule and the fraudulent concealment doctrine, as both require a plaintiff to plead the inability to discover the basis for one's claims despite reasonable diligence. Accordingly, Plaintiff has demonstrated with her proposed amended complaint that she is unable to cure the deficiency of the untimeliness of her action with additional facts.

### CONCLUSION

Because Plaintiff fails to sufficiently allege that her action is not time-barred or demonstrate that she could cure that deficiency, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** this action with prejudice and without leave to amend. *See Plumlee*, 664 Fed.Appx. at 654 (stating that "[a] district court does not abuse its discretion when it denies leave to amend [where] the plaintiff ... gave the [c]ourt no basis to allow an amendment"). Thus, the Court need not reach the additional grounds for dismissal that Defendants raise. The Clerk of Court is instructed to close this action.

**IT IS SO ORDERED.**