**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN WITBECK, | No. 17-71397 |
| Petitioner, | LABR Nos. 0-1650-11-028 |
| v. | 0-1650-13-008 |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM* |
| Respondent, | |
| CH2M PARTIES, | |
| Respondent-Intervenor. | |

On Petition for Review of an Order of the
Administrative Review Board, Department of Labor

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Steven Witbeck petitions pro se for review of the Department of Labor's

Administrative Review Board's ("ARB") order denying his complaint under the

whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1514A, and the Federal Water Pollution Control Act ("Clean Water Act"), 33

U.S.C. § 1367. We have jurisdiction under 18 U.S.C. § 1514A(b)(2)(A) and 33

U.S.C. § 1369(b)(1). We review the ARB's decision pursuant to the standard

established in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under

the APA, "we will reverse an agency's decision only if it is arbitrary, capricious,

an abuse of discretion, or otherwise not in accordance with law." *Coppinger-*

*Martin v. Solis*, 627 F.3d 745, 748 (9th Cir. 2010) (citation and internal quotation

marks omitted)). We deny the petition.

The ARB properly denied Witbeck's complaint because Witbeck failed to

present evidence in support of his claims to the administrative law judge. *See* 29

C.F.R. § 1980.109(a) (to prevail on a SOX whistleblower claim, the complainant

must "demonstrate[] by a preponderance of the evidence that protected activity was

a contributing factor in the adverse action alleged in the complaint"); 29 C.F.R.

§ 24.109(b)(2) (to prevail on a Clean Water Act whistleblower claim, the

complainant must "demonstrate[] by a preponderance of the evidence that the

protected activity caused or was a motivating factor in the adverse action alleged in

the complaint").

We lack jurisdiction to consider Witbeck's claim under 29 U.S.C. § 660(c)

because "an agency's decision not to take enforcement action [is] presumed immune from judicial review" and Witbeck failed to rebut the presumption. *Heckler v. Chaney*, 470 U.S. 821, 832 (1985).

We reject as meritless Witbeck's contentions concerning CH2M Parties' alleged failure to respond to his complaints, and the application of the shifting burdens of proof.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

To the extent Witbeck requests reconsideration of the denial of his motion to compel the production of the record before OSHA (Docket Entry Nos. 6 and 16), we deny the request.

**PETITION FOR REVIEW DENIED.**