NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARABED O. MIRZOIAN,

　　　　　　Plaintiff-Appellant,

　v.

MICHEL N. EL-RAHI; et al.,

　　　　　　Defendants-Appellees.

No.　19-16589

D.C. No. 1:15-cv-00024

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted June 2, 2020[**]

Before:　LEAVY, PAEZ, and BENNETT, Circuit Judges.

　　　Garabed O. Mirzoian appeals pro se from the district court's judgment

dismissing his employment action alleging wrongful termination in violation of

federal law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d

---

　　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Mirzoian's action for failure to exhaust administrative remedies because Mirzoian's employment was terminated in 2006 and Mirzoian did not file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") until 2015. *See* 42 U.S.C. § 2000e-5(e)(1) (a charge must be made with the EEOC within 180 days of the alleged unlawful employment practice or within 300 days if a charge is first made with an authorized state agency). Although Mirzoian filed a discrimination complaint with the Commonwealth of the Northern Mariana Islands Department of Labor ("DOL") within 18 days of the termination of his employment, the DOL had no worksharing agreement with the EEOC, and therefore Mirzoian's DOL complaint would not be considered timely filed with the EEOC. *See Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175 (9th Cir. 1999) (explaining that a charge filed with an agency that has a worksharing agreement with the EEOC is deemed to have been received by the EEOC on the same day).

The district court did not abuse its discretion in declining to apply equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling applies when a litigant shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010) ("[O]nce a claimant retains

2                                                                                                    19-16589

counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." (citation omitted)); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (setting forth standard of review).

Mirzoian's motion for disqualification of the district court judge (Docket Entry No. 5) is denied.

**AFFIRMED.**