**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIK LECKNER,

Petitioner,

v.

GENERAL DYNAMICS INFORMATION
TECHNOLOGY; et al.,

Respondents.

No. 21-70284

ARB Case No. 2020-0028

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Labor

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Erik Leckner petitions pro se for review of the Department of Labor's

Administrative Review Board's ("ARB") final decision and order, and denial of

Leckner's motion for reconsideration, affirming the Administrative Law Judge's

("ALJ") summary dismissal of Leckner's whistleblower retaliation complaint

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

against his former employers under the Clean Air Act ("CAA"), 42 U.S.C. § 7622, the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9610, the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. § 6971, the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2622, the Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. § 1367, the Energy Reorganization Act ("ERA"), 42 U.S.C. § 5851, and the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A. We have jurisdiction under 42 U.S.C. § 7622(c)(1) (CAA), 42 U.S.C. § 9610(b) (CERCLA), 42 U.S.C. § 6971(b) (SWDA), 15 U.S.C. § 2622(c)(1) (TSCA), 33 U.S.C. § 1367(b) (FWPCA), 42 U.S.C. § 5851(c)(1) (ERA), and 18 U.S.C. § 1514A(b)(2)(A) (SOX). We review the ARB's decisions pursuant to the standard established in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, "we will reverse an agency's decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Coppinger-Martin v. Solis*, 627 F.3d 745, 748 (9th Cir. 2010) (citation and internal quotation marks omitted). We review de novo an agency's interpretation or application of a statute. *Schneider v. Chertoff*, 450 F.3d 944, 952 (9th Cir. 2006). We deny the petition.

The ARB properly affirmed the dismissal as untimely of Leckner's retaliation claims under the CAA, CERCLA, SWDA, TSCA and FWPCA because Leckner failed to raise a genuine dispute of material fact as to whether he filed his

21-70284

whistleblower complaint within 30 days of his employers' alleged retaliatory decisions. *See* 29 C.F.R. § 24.103(d)(1) (requiring a complainant file an administrative complaint within 30 days after an alleged violation of the employee protection provisions of the CAA, CERCLA, SWDA, TSCA and FWPCA).

The ARB properly affirmed the dismissal of Leckner's retaliation claim under the SOX because Leckner failed to raise a genuine dispute of material fact as to whether he engaged in protected activity under the SOX. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996-97, 1000-01 (9th Cir. 2009) (to be protected activity an employee must have a subjective and objectively reasonable belief that the reported conduct violated one of the listed categories of fraud or securities violations under 18 U.S.C. § 1514A(a)).

The ARB properly denied Leckner's request to admit new evidence because Leckner failed to demonstrate that the evidence could not have been discovered with reasonable diligence before the record closed. *See* 29 C.F.R. § 18.90(b)(1) ("No additional evidence may be admitted unless the offering party shows that new and material evidence has become available that could not have been discovered with reasonable diligence before the record closed.").

We do not consider Leckner's contentions concerning his ERA claim, or his other arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

21-70284

Leckner's motion to supplement the record (Docket Entry No. 11) is denied.

Leckner's motions to expedite (Docket Entry No. 21) and to file an oversized reply in support of the motion to supplement the record (Docket Entry No. 25) are denied as unnecessary.

Leckner's motions to file a corrected and oversized reply brief (Docket Entry Nos. 55, 57, 59 and 60) are granted. The Clerk will file the corrected reply brief at Docket Entry No. 59-2.

**PETITION FOR REVIEW DENIED.**