**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZIZ AITYAHIA, | No. 20-72341 |
| Petitioner, | |
| v. | ARB Case No. 2019-068 |
| MESA AIRLINES, INC.; et al., | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Department of Labor

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Aziz Aityahia petitions pro se for review of the Department of Labor's

Administrative Review Board's ("ARB") final decision and order dismissing his

whistleblower complaint under the Wendell H. Ford Aviation Investment and

Reform Act for the 21st Century ("AIR21").  We have jurisdiction under 49 U.S.C.

§ 42121(b)(4)(A).  We review the ARB's decision in accordance with the

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Administrative Procedure Act ("APA"), "under which the ARB's legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are unsupported by substantial evidence in the record as a whole." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004). We deny the petition.

The ARB correctly dismissed Aityahia's AIR21 claim based on any unfavorable personnel actions taken by respondent Mesa Airlines in 2013 because his claim was untimely and Aityahia failed to show that equitable principles applied to toll the limitations period. *See* 49 U.S.C. § 42121(b)(1) (requiring an administrative complaint be filed not later than 90 days after an alleged AIR21 violation occurs); *Coppinger-Martin v. Solis*, 627 F.3d 745, 750-51 (9th Cir. 2010) (setting forth doctrines of equitable tolling and equitable estoppel).

The ARB correctly dismissed Aityahia's AIR21 claim based on Mesa Airlines' refusal to rehire him in 2017 because Aityahia failed to demonstrate that a violation occurred. *See* 49 U.S.C. § 42121(b)(2)(B) (setting forth requirements for AIR21 claim); *Nat'l Mining Ass'n v. Zinke*, 877 F.3d 845, 866 (9th Cir. 2017) (the standard of review under the APA is "highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Aityahia's contention that the Department of Labor discriminated against him on the basis of his national origin.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Aityahia's motion to extend the time to file his reply brief (Docket Entry No. 40), motion to file an oversized reply brief (Docket Entry No. 41), and motion to file an oversized supplemental brief (Docket Entry No. 42) are granted. The Clerk will file the reply brief submitted at Docket Entry No. 44 and supplemental brief submitted at Docket Entry No. 43.

Aityahia's motion to modify the arbitration award (Docket Entry No. 21) is denied.

Mesa Airlines' request for costs on appeal, set forth in its answering brief, is denied without prejudice to filing a timely bill of costs. *See* Fed. R. App. P. 39.

**PETITION FOR REVIEW DENIED.**