NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ALLEN BARBOZA, | No. 20-70363 |
| Petitioner, | |
| v. | LABR No. 2018-0076 |
| U.S. DEPARTMENT OF LABOR, | MEMORANDUM* |
| Respondent, | |
| BNSF RAILWAY COMPANY, | |
| Intervenor. | |

On Petition for Review of an Order of the
Department of Labor

Submitted July 13, 2022**

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Robert Allen Barboza petitions pro se for review of the Administrative

Review Board's decision affirming the administrative law judge's summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying and dismissing Barboza's complaint under the Federal Rail Safety Act, 49 U.S.C. § 20109. We have jurisdiction, and review the agency's decision in accordance with the Administrative Procedure Act. *See* 49 U.S.C. § 20109(d)(4); 5 U.S.C. § 706. We deny the petition.

The agency properly found that Barboza failed to raise a triable issue as to whether intervenor BNSF Railway Company had committed any adverse actions within the 180-day limitations period.

First, claims arising from BNSF's resolution of Barboza's retaliation complaint, notice of which Barboza received on August 29, 2016, and BNSF's initiation of an investigation into Barboza's illness report, notice of which Barboza received on September 9, 2016, were untimely, because Barboza's complaint was filed on March 16, 2017. *See* 49 U.S.C. § 20109(d)(2)(A)(ii); 29 C.F.R. § 1982.103; *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'"); *see also Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010) (equitable tolling appropriate where plaintiff would not have known of existence of possible claim within the limitations period, or where despite all due diligence, plaintiff is unable to obtain vital information bearing on existence of claim).

Second, the agency properly determined that Barboza's allegations

concerning mutually agreed postponement of the investigation meetings, and BNSF's ultimate cancellation of the injury investigation, did not describe adverse or unfavorable acts. *See* 29 C.F.R. § 1982.102.

Third, the agency properly determined that Barboza's remaining allegations, including claims of ongoing harassment and retaliation, were unsupported, because Barboza failed to provide the ALJ with supporting evidence. *See* 29 C.F.R. § 18.72(e) (describing requirements for supporting factual positions on motion for summary decision, and consequences for failure to do so); 29 C.F.R. § 18.90 (record closes on date of hearing before ALJ, or on date set by ALJ for written submissions; the record may be reopened, but "[n]o additional evidence may be admitted unless the offering party shows that new and material evidence has become available that could not have been discovered with reasonable diligence before the record closed.").

The ALJ did not abuse his discretion when he declined to defer ruling in order to allow additional discovery, because Barboza failed meet the regulatory requirements for a deferral. *See* 29 C.F.R. § 18.72(d)(1) (ALJ may defer considering summary decision motion where nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations made for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Barboza's "Motion for Opposition of Withdrawal of Counsel Gillian Dale" (Docket Entry No. 37) is denied as moot.

**PETITION FOR REVIEW DENIED.**