**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARNELL OTIS MCGARY, | No.    15-35178 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05130-RBL |
| v. | |
| KELLY CUNNINGHAM, Superintendent; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 30, 2018[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Darnell Otis McGary appeals pro se from the district court's summary

judgment and dismissal for failure to state a claim in his 42 U.S.C. § 1983 action

alleging constitutional violations arising from his civil commitment in the Special

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Commitment Center ("SCC") as a sexually violent predator. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (dismissal for failure to state a claim); *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly dismissed the claims against Governor Inslee because McGary failed to allege facts showing Inslee's personal involvement in any constitutional violation or a causal connection between Inslee's conduct and any such violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

The district court properly dismissed the claims against Assistant Attorney General Buder because Buder is absolutely immune from liability for his role "in initiating a prosecution and in presenting the State's case," *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), and because the claims would be barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994), *see Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("Under *Heck v. Humphrey*, a state prisoner cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" (alteration in original; citation omitted)); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005) (applying *Heck v. Humphrey* to civil commitment proceedings).

To the extent that McGary's claims against former Pierce County Prosecutor Lindquist are based on Lindquist's role in presenting the state's case, the district court properly dismissed the claims because Lindquist is absolutely immune from liability. *See Imbler*, 424 U.S. at 431.

The district court properly granted summary judgment on the remaining claims against Lindquist because McGary failed to provide evidence showing Lindquist's personal involvement in any constitutional violation or a causal connection between Lindquist's conduct and any such violation. *See Starr*, 652 F.3d at 1207; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (a party may prevail at summary judgment by showing that there is an absence of evidence supporting the nonmoving party's case).

The district court properly granted summary judgment on McGary's claim alleging inadequate mental health and sex offender treatment because McGary failed to raise a triable dispute as to whether the treatment programs at the SCC do not meet constitutional standards. *See Sharp v. Weston*, 233 F.3d 1166, 1171 (9th Cir. 2000) (requirements for claims of inadequate mental health and sex offender treatment in state institutions).

The district court properly granted summary judgment on McGary's claim alleging unconstitutional conditions of confinement because McGary failed to provide evidence that he personally was subjected to unconstitutional conditions. *See Valley Forge Christian College v. Ams. United for Church & State, Inc.*, 454 U.S. 464, 472 (1982) ("Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant'" (citation omitted)).

The district court properly granted summary judgment on McGary's retaliation claim because McGary failed to raise a triable dispute as to whether defendants took any action against him because he engaged in a protected activity. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (requirements of a retaliation claim under § 1983).

To the extent that McGary contends that defendants improperly reviewed his grievances, the district court properly granted summary judgment because there is no constitutional right to receive a particular type of review of a grievance. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court did not abuse its discretion in denying McGary's motion for appointment of counsel because McGary failed to demonstrate his indigent status. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (standard of review; "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)").

We do not consider matters raised for the first time on appeal. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

McGary's motion for oral argument (Dkt. No. 34) is denied.

McGary's requests for judicial notice (Dkt. Nos. 55, 59, 63, and 66) are denied.

McGary's motion to expedite this case (Dkt. No. 71) is denied as moot.

**AFFIRMED.**